LINDSAY LAYNE *v.* JACOB WEDDINGTON.

[Abstract Kentucky Law Reporter, Vol. 6—590.]

**Contract to Redeem Land Sold.**

Where the judgment creditor who has become the purchaser of real estate sold on his judgment and received a conveyance thereof and the judgment debtor enters into a contract by which they agree that the debtor may redeem such land and a part of the price agreed upon is paid and a promise accepted for the balance, the creditor is not entitled to a judgment giving him the possession and the land on account of the failure in payment, but is entitled to have the land sold to pay such balance.

APPEAL FROM FLOYD CIRCUIT COURT.

February 12, 1885.

OPINION BY JUDGE LEWIS:

In 1875 appellee recovered judgment against appellant for $200 and interest at the rate of 10% per annum from 1873 and caused to issue thereon and be levied five successive executions under which five different sales of land were made by the sheriff.

The first sale took place January 10, 1876, when the land sold for $125; the second was April 10, 1876, and the land sold for $50; the third was July, 1876, and the land sold for $25; the fourth was October 9, 1876, and the land sold for $10, and the fifth was December 11, 1876, and the land sold for $5.

The aggregate appraised value of all the land sold was $1,675 and the entire amount realized from the five different sales was $215, not sufficient to satisfy the judgment.

May 13, 1878, the sheriff of the county where the several tracts of land sold are situated, conveyed all of them to appellee, who was the purchaser. And in August, 1878, appellee brought this action, alleging in his petition the purchases and conveyance to him first mentioned, and that appellant applied to him to redeem the lands, and upon the faith of appellant's promise to then pay $25 and to borrow the money and in a few days pay the balance appellee agreed to give him time to redeem the land. But he alleges that this was a fraudulent device on the part of appellant with a view to complicate his claim to the land.

In the petition appellee prays that he be adjudged the owner of the land and for a writ of possession. But if that can not be done then he prays that the $25 be applied to any one of the sales that the court may think proper and he have a judgment for the balance of the purchase money due on that particular sale, and a judgment directing the sale of that tract in satisfaction of the balance of the purchase price and have possession of all the other tracts; and in the event that can not be done he asks judgment for the amount of his bids and for a lien upon all the lands for the satisfaction of the same. Appellant files three receipts given by appellee, the first is dated January 5, 1877, before the time to redeem the land first sold expired, and is for $25 which is stated in the receipt was part payment of redemption of the land sold January 10, 1876, the second receipt is for $27.50 in full of amount bid by appellee for the tract

sold July, 1876, and the third receipt is for $2.50 to be credited on the redemption sale of April 10, 1876.

By the judgment appealed from appellant is given the right to redeem the tracts sold January 10 and April 10; the tract sold July, 1876, is adjudged to have been fully redeemed by appellant; and as to the other two tracts is adjudged entitled to recover them, and a writ of possession is directed to be issued.

The boundary and description of the tract sold January 10, 1876, as set out in the sheriff's deed is identical with that given of the tract purporting to have been sold December 11, 1876, and which the court adjudges appellee entitled to. As it is clear the tract sold January 10, is the same one subsequently sold December 11, 1876, it was error in the court to adjudge appellant entitled to recover it having already adjudged it subject to redemption.

The only question left is whether under the agreement between the parties, which according to the language used in the petition extended to all the sales, the tract sold October 9, 1876, was not likewise subject to redemption. It is true no money was paid towards the redemption of that particular tract, but the proposition as made by appellant and accepted by appellee, as is admitted in the petition, was that appellant would then pay $25.00 towards the redemption of all the lands and to satisfy the judgment referred to, and in a few days pay the balance. There is no evidence of fraud other than appellant's failure to comply with his promise which may have proceeded from inability instead of disinclination.

Inasmuch therefore as both parties seemed to understand the agreement to relate to all the tracts sold, and the tract sold October 9, 1876, as well as the others remained in appellant's possession it should have been likewise directed sold to repay appellee instead of being adjudged to him, and the court erred in directing a writ of possession to issue therefor.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*T. R. Brown, for appellant.*

*Weddington & Goebel, for appellee.*